IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC. and GUN OWNERS FOUNDATION<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>    Defendant. | )<br>)<br>) Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant Department of Homeland Security ("DHS").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Gun Owners of America, Inc. ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia. Gun Owners of America is organized and operated as a non-profit membership organization, exempt from

federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

5. Plaintiff Gun Owners Foundation ("GOF") is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

6. Defendant Department of Homeland Security is an agency within the meaning of 5 U.S.C. § 552(f). Defendant DHS has possession, custody and control of records to which Plaintiffs seek access. It may be served by serving a copy of the complaint and summons to Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Gate 1, Washington, DC 20016.

## STATEMENT OF FACTS

7. On May 5, 2022, Plaintiffs transmitted a Freedom of Information Act ("FOIA") request to Defendant DHS. The FOIA was submitted via the DHS online portal, which assigned the following number to Plaintiffs' FOIA: 2022-HQFO-00985. A true and correct copy of the FOIA is attached as Exhibit "A."

8. Plaintiffs' FOIA requested the following:

(a) records regarding the creation of the Disinformation Governance Board ("Board"), including emails from and/or to anyone involved with the Board;
(b) records identifying those who have been or will be chosen sit on the Board, including records reflecting the selection of Nina Jankowicz as the Board's Executive Director;
(c) records stating the job descriptions of those positions established to serve on the Board and its staff;

(d) records reflecting the process(es) used to select members of the Board and its staff, and the qualifications of each;
(e) records describing the type of information which will be analyzed by the Board and its staff, and how it will be collected;
(f) records revealing the methods, rules, procedures, or limitations on how the Board will surveil the American people to identify, analyze and classify purported "disinformation" or false information;
(g) records describing how any purported "disinformation" will be corrected, limited, refuted, or removed, and its purveyors sanctioned, intimidated, punished, fact-checked, or otherwise policed by the Board;
(h) records explaining how free speech, privacy, civil rights and civil liberties will be protected by the creation or operation of the Board;
(i) any historical, legal, or other records which have been consulted by the Board as to the status of freedom after government officials declare themselves to be arbiters of Truth and seek to suppress alleged "false" or "untrue" (usually politically unpopular) viewpoints;
(j) records reflecting communications between DHS personnel and each of the following about the creation and operation of the Board and its staff:
   (i) Democratic National Committee;
   (ii) Marc Elias;
   (iii) Eric Holder;
   (iv) Hillary Rodham;
   (v) Barack Obama;
   (vi) Twitter;
   (vii) Facebook, including Mark Zukerberg;
   (viii) Google;
   (ix) the National Security Agency; and
   (x) CNN, MSNBC including Rachel Maddow, and Fox TV; and
   (xi) Alexandria Ocasio-Cortez.
(k) any discussions about or analysis of DHS's legal authority to create a Ministry of Truth (a "Disinformation Governance Board"), including any formal or informal opinion received from the U.S. Department of Justice about the constitutionality or legality of the Board;
(l) records reflecting whether the Elon Musk's offer or attempt to purchase Twitter was considered in establishing the Board;
(m) records reflecting how the promise by Secretary Mayorkas that the Board "takes best practices to make sure that, in addressing disinformation that presents a threat to the homeland, our work does not infringe on free speech, does not infringe on civil rights, civil liberties,"[] will be met, and whether these best practices involve lessons learned from George Orwell's book 1984, the experience of the East German Stasi, or similar efforts by other authoritarian governments.

Please limit the scope of your searches from May 1, 2021 through the date you begin to process this request. If any of the information sought above is publicly available, please provide us with the location(s) of that information.

9. DHS has failed to provide an acknowledgement letter or any response to the Plaintiffs' FOIA request.

10. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

11. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

12. As of the date of this Amended Complaint, DHS has failed to: (i) to fully comply with the statutory requirements with respect to Plaintiffs' FOIA request; and (ii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

13. Plaintiffs reallege the preceding paragraphs as if fully stated herein.

14. Defendant DHS is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. §552.

15. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiffs' FOIA request, and Plaintiffs will continue to be irreparably harmed unless Defendant DHS is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Order Defendant to conduct a search for records responsive to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

(4) Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: June 7, 2022.

                                          Respectfully Submitted,
                                          Gun Owners of America, Inc. and
                                          Gun Owners Foundation

| | |
|---|---|
| **/s/ *Stephen D. Stamboulieh*** | Robert J. Olson |
| Stephen D. Stamboulieh | (D.C. Bar No. 1029318) |
| Stamboulieh Law, PLLC | Jeremiah L. Morgan |
| P.O. Box 428 | (D.C. Bar No. 1012943) |
| Olive Branch, MS 38654 | William J. Olson |
| (601) 852-3440 | (D.C. Bar No. 233833) |
| stephen@sdslaw.us | William J. Olson, P.C. |
| D.C. District Court Bar No. MS0009 | 370 Maple Avenue West, Suite 4 |
| *Counsel for Plaintiffs* | Vienna, VA 22180-5615 |
| | 703-356-5070 (telephone) |
| | 703-356-5085 (fax) |
| | wjo@mindspring.com |